1  LAW OFFICE OF JEFFREY D. FULTON
   Jeffrey D. Fulton (Bar No. 206466)
2  400 Capitol Mall, Eleventh Floor
   Sacramento, California 95814
3  Telephone:  (916) 558-6141
   Facsimile:  (916) 441-5575
4  E-Mail: JFulton@JFultonLaw.com

5  Attorney for Plaintiff
   JOHN ANDOH

6

7

8              UNITED STATES DISTRICT COURT

9            EASTERN DISTRICT OF CALIFORNIA

10               SACRAMENTO DIVISION

11

12  JOHN ANDOH                          CASE NO.

13            Plaintiff,               **COMPLAINT FOR DAMAGES**

14      v.                             1)  **VIOLATION OF CIVIL RIGHTS 42**
                                           **U.S.C. §1983 (Fourth Amendment:**
15  CITY OF SOUTH LAKE TAHOE, SOUTH        **Unreasonable Seizure)**
    LAKE TAHOE POLICE DEPARTMENT,     2)  **VIOLATION OF CIVIL RIGHTS 42**
16  OFFICER RUSSELL LILES, individually, and   **U.S.C. §1983 (Municipal Liability**
    DOES 1 through 100, INCLUSIVE,         **Unconstitutional Practice, Custom, or**
17                                         **Policy (Monell)**
            Defendants.               3)  **VIOLATION OF CIVIL RIGHTS 42**
18                                         **U.S.C. §1983 and §1985 (Conspiracy to**
                                           **Violate Civil Rights)**
19                                     4)  **VIOLATION OF CIVIL RIGHTS 42**
                                           **U.S.C. §1983- Municipal Supervisory**
20                                         **Liability (Failure to Train, Supervise,**
                                           **Discipline)**
21

22                                         **DEMAND FOR JURY TRIAL**

23

24

25

26

27

28

1   Plaintiff JOHN ANDOH ("ANDOH" or "Plaintiff") hereby alleges:

2   This is a Complaint for Damages based upon Federal Civil Rights Violations committed

3   by CITY OF SOUTH LAKE TAHOE (hereinafter referred to as "CITY"), the SOUTH LAKE

4
    TAHOE POLICE DEPARTMENT (hereinafter referred to as "DEPARTMENT"); OFFICER
5
    RUSSELL LILES (hereinafter referred to as "LILES"), and their officials, uniformed peace
6
7   officers, employees and/or agents.  This case is brought pursuant to 42 U.S.C. §1983 and §1985.

8   <u>**JURISDICTION**</u>

9   1.      Plaintiff brings this action pursuant to 42 U.S.C. §1983 and § 1985.  Jurisdiction

10  is conferred on this Court by 28 U.S.C. section 1343 (3) and 1343 (4) which provide for original

11  jurisdiction in this Court of all suits brought pursuant to 42 U.S.C. §1983.  Jurisdiction is also
12
    conferred by 28 U.S.C. section 1331 (a) because claims for relief derive from the United States
13
14  Constitution and the laws of the United States.

15  <u>**VENUE**</u>

16  2.      All of the claims alleged herein arose from events occurred in the County of El

17  Dorado, California, in this Judicial District.  Venue is therefore proper in the Eastern District of

18  California under 28 U.S.C. §1391 (b).

19  <u>**PARTIES**</u>
20
21  3.      Plaintiff, JOHN ANDOH, is, and at all times referred to in this Complaint was a

22  citizen of the United States, and was employed in El Dorado County, California.

23  4.      At all times referred to in this Complaint, Plaintiff resided in Sacramento,

24  California and in the City of South Lake Tahoe, California.

25  5.      Defendant CITY is a municipality, organized and operating under the laws of the

26  State of California.

27  ///

28

1

6.     Defendant DEPARTMENT is an agency of a duly constituted Governmental Entity in the State of California, to wit, City of South Lake Tahoe, and is, or was, the employer of RUSSELL LILES and one or all DOES 1 through100.

7.     The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as DOES 1 through 100, inclusive, are currently unknown to Plaintiff, who therefore sues Defendants by such fictitious names.  Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the events and happenings referred to herein and caused injury and damage proximately thereby to Plaintiff as hereinafter alleged.  Plaintiff will seek leave of the Court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereafter as DOES when the same have finally been ascertained.

8.     Plaintiff is informed and believes, and based thereon alleges, that at all times mentioned herein, each and every Defendant was the agent and/or employee of their co-defendants, and was acting either in their individual capacity or in the scope, purpose and authority of CITY and/or DEPARTMENT and/or in their employment or agency with said entities, and with knowledge, permission, ratification, and/or consent of said co-defendants and/or entities and under color of law.

**FACTUAL ALLEGATIONS**

9.     Plaintiff, JOHN ANDOH, is an African-American man, who at the time of the events in question held the position of Transit Administrator at the South Lake Tahoe Area Transit Authority (hereinafter referred to as "STATA"), commonly known as "BlueGo" Public Bus Transit System.  This position provided Plaintiff with substantial visibility in the community of the City of South Lake Tahoe.  Plaintiff is informed and believes, and thereon alleges that the

2

1  area of South Lake Tahoe is generally known as being primarily Caucasian, and the percentage

2  of African-American residents is approximately 1.5%.

3      10.    Plaintiff's duties as the BlueGo Transit Administrator included overseeing of the

4  day-to-day operations of the BlueGo Transit System as well as administering an operating

5

6  contract between STATA and MV Transportation.

7      11.    In or about February of 2009, MV Transportation on behalf of STATA hired an

8  assistant, a Caucasian female, Ms. Allyson Ritchie (hereinafter referred to as "Ms. Ritchie").

9  Ms. Ritchie's position consisted primarily of performing clerical and administrative support to

10  Plaintiff as well as Mr. Thomas McAleer (hereinafter referred to as "McAleer"), the former

11  General Manager of MV Transportation.

12

13      12.    In or about March of 2009, Plaintiff became involved in a consensual intimate

14  relationship with Ms. Ritchie. During the relationship, Ms. Ritchie advised Plaintiff that she had

15  a brother who was a Police Officer for the City of South Lake Tahoe and that this individual

16  would become enraged should he discover that Ms. Ritchie was involved in an interracial

17  relationship. The relationship lasted for only two and a half months until approximately the end

18  of May of 2009.   While the romantic relationship was over, Ms. Ritchie continued to be

19  employed as an assistant at MV.

20

21      13.    In or about August of 2009, due to budget cuts, Ms. Ritchie's position was

22  eliminated. Mr. McAleer informed Ms. Ritchie of the decision on or about August 28, 2009.

23      14.    Unfortunately for STATA and Plaintiff personally, Ms. Ritchie did not take the

24  news of her termination lightly.  She believed that her employment was terminated because of

25  her break-up with Plaintiff in May of 2009. Ms. Ritchie even threatened to sue STATA, as well

26  other agencies for unlawful termination (and other claims) and specifically indicated her intent to

27

28

3

1  file a claim against Plaintiff and the City of South Lake Tahoe.  Despite these outrageous

2  allegations, the prior relationship with Plaintiff was not the cause of Ms. Ritchie's termination.

3        15.    Plaintiff is informed and believes, and thereon alleges that Ms. Ritchie was very

4  upset about the lay-off and freely discussed her unfounded theories with others in the

5  community, including her brother, City of South Lake Tahoe Police Officer, Andrew Eissinger.

6

7        16.    Plaintiff is also informed and believes, and thereon alleges that Andrew Eissinger

8  believed that Plaintiff was responsible for his sister's termination.

9        17.    On or about September 3, 2009, Plaintiff was driving his vehicle near the

10  intersection of C Street and Emerald Bay Road in South Lake Tahoe, California.

11        18.    Plaintiff was traveling west in the westbound lane of C Street.  He stopped at the

12  stop sign in order to make a right turn onto Emerald Bay Road.

13

14        19.    As Plaintiff attempted to make the turn onto Emerald Bay Road, a bicyclist

15  traveling South toward C Street collided with Plaintiff's vehicle.  The bicyclist had travelled off

16  the dirt path onto C Street in front of Plaintiff's vehicle.

17        20.    LILES was dispatched to the scene and arrived at the intersection of C Street and

18  Emerald Bay Road at approximately 2:29 P.M.  LILES examined whether there was any damage

19  to the Plaintiff's vehicle or the bicycle.  LILES noted in his report that the front of the bicycle

20  was damaged, while the vehicle had no visible damage.

21

22        21.    Subsequently, LILES took statements from Plaintiff and the bicyclist.  Plaintiff

23  was diligent in reporting information known to him without speculating as to information that

24  was not.  The Police Report authored by LILES reflects LILES' false reporting of Plaintiff's

25  statement.  Specifically, the Report stated that Plaintiff was preparing to make a right turn onto

26  Emerald Bay Road when he noticed the bicyclist heading towards the vehicle. The bicyclist rode

27  in front of Plaintiff's vehicle and fell to the ground.  The report further falsely states that Plaintiff

28

4

indicated that the bicycle did not collide with the vehicle.   LILES wrote in his report the following: "I asked D-1 (Plaintiff) how he would explain the damage to B-1 (bicycle) and he changed his statement".   At no time did Plaintiff ever change his statement.   The Report continued:   "D-1 (Plaintiff) stated that maybe B-1 (bicycle) collided with V-1 (Plaintiff's vehicle) but he did not feel or hear the impact."

22.     In any event, LILES determined that the "unsafe manner" in which the bicyclist entered the highway was the primary cause of the collision.   Plaintiff's "unsafe turn" toward Emerald Bay Road was determined to be an "associated factor".   However, Plaintiff was fairly confident that his vehicle was stopped when it was struck by the bicycle.

23.     Without any lawful or probable cause whatsoever, LILES requested that the District Attorney review this case and issue an Arrest Warrant for violation of California Vehicle Code section 31- False Information to a Peace Officer, a misdemeanor (per California Vehicle Code section 40000.5).

24.     On or about September 17, 2009, a Criminal Complaint was filed by a Deputy District Attorney.   Subsequently, without any lawful or probable cause, an Arrest Warrant was issued for Plaintiff's arrest.   Plaintiff was not made aware of the warrant or of the pending charges.

25.     Part of Plaintiff's job duties as the Transit Administrator of STATA, was ensuring the uninterrupted service of public transit in the Lake Tahoe area, including resolving service issues and complaints.

26.     In or about October of 2009, Plaintiff received complaints by MV bus drivers that there was an issue with trash cans blocking the bus doors at the bus stop on the corner of Westbound US Highway 50 and Friday Avenue in South Lake Tahoe.

LAW OFFICE OF
JEFFREY D. FULTON                                   COMPLAINT FOR DAMAGES

27.    On October 1, 2009, Plaintiff, in response to the above mentioned complaints, drove to the bus stop at the corner of westbound US Highway 50 and Friday Avenue in South Lake Tahoe. His plan was to relocate the trash cans, so that they would no longer block the bus doors. Following his investigation, Plaintiff went to McDonald's restaurant on 3715 Lake Tahoe Blvd., South Lake Tahoe, California 96150 to purchase food for dinner.

28.    Much to his surprise, Plaintiff was approached by a South Lake Tahoe Police Officer, at the McDonald's, following his purchase. Fifteen (15) minutes later, the Officer informed Plaintiff that there was a warrant for his arrest. Subsequently, Plaintiff was placed in double locked handcuffs, transported to, and booked at the jail.

29.    The arresting Police Officer, in his report, stated that he responded to a report of a "suspicious vehicle driving with their hazard lights on and dragging trash cans down the road. The vehicle was described as a dark colored Ford Mustang". Contrary to the Police Report, Plaintiff was never "dragging trash cans" when he was at the above location. Moreover, Plaintiff's vehicle had no tow hooks, and could not have attached the trash cans to his vehicle, much less "drag them down the road". Plaintiff is informed and believes and thereon alleges that the arresting Officer also falsified the information in the Report.

30.    Plaintiff was unsure why the warrant was executed at that specific location and time. Plaintiff was given no notice that an Arrest Warrant was issued on the charges related to the September 3, 2009 incident. Moreover, the South Lake Tahoe Police Department had plenty of opportunities to arrest Plaintiff earlier. In fact, Plaintiff attended a City Council meeting at which the Chief of Police and several sergeants and lieutenants were present prior to October 1, 2009 while the Warrant was active, but no arrest or any discussions of a Warrant took place.

31.    At the time of the arrest, the Police Officer did not explain to Plaintiff the charges upon which the Warrant was based on. Plaintiff found out the basis of the Warrant from his

6

LAW OFFICE OF
JEFFREY D. FULTON

attorney and the media.  In fact, the local media immediately published information regarding Plaintiff's arrest.  Plaintiff was a known figure in the small community of the City of South Lake Tahoe and the news traveled quickly and widely throughout the area.

32.     On February 4, 2010, charges against Plaintiff were dismissed without prejudice. Plaintiff is informed and believes, and thereon alleges that he was arrested and charged because he is African-American.  Plaintiff is also informed and believes that the STATA Board may have eliminated Plaintiff's position with STATA because of the unlawful arrest.

## DAMAGES

33.     The aforementioned acts of Defendants, CITY, DEPARTMENT, LILES and DOES 1 through 100, and each of them, directly and proximately caused Plaintiff JOHN ANDOH to suffer: loss of enjoyment of personal liberty and freedom to physically move about; defamation and damage to reputation in the community and amongst his peers and colleagues; lost earnings and wages; bail expenses, attorney's fees, and other expenses associated with Court proceedings.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### VIOLATION OF CIVIL RIGHTS 42 U.S.C. §1983
### (Arrest)
### (Against All Defendants)

34.     Plaintiff re-alleges and incorporates paragraphs 1 through 33, inclusive, as though fully set forth herein, as they relate to a cause of action for a violation of Plaintiff's Civil Rights under the Fourth and the Fourteenth Amendments of the U.S. Constitution, with regard to the unlawful arrest and imprisonment of his person without due process of law, and alleges said arrest was without probable cause or an Arrest Warrant.

///

///

35.     Plaintiff re-alleges the allegations of paragraph 33 at this point as said damages relate to a cause of action for a violation of his civil rights for a warrantless arrest, as stated throughout this Complaint.

**SECOND CLAIM FOR RELIEF**
**VIOLATION OF CIVIL RIGHTS 42 U.S.C. §1983**
**(Municipal Liability Unconstitutional Practice, Custom, or Policy-Monell)**
**(Against CITY and DEPARTMENT)**

36.     Plaintiff re-alleges and incorporates paragraphs 1 through 35, inclusive, as though fully set forth herein.

37.     This cause of action arises under United States Code, Title 42, section 1983, wherein Plaintiff seeks to redress a deprivation under color of law of a right, privilege or immunity secured to him by the Fourth and the Fourteenth Amendments of the U.S. Constitution.

38.     Defendants violated Plaintiff's Constitutional Rights, as alleged herein above, by creating and maintaining the following unconstitutional customs and practices, inter alia:

39.     Plaintiff alleges that Defendants CITY and/or DEPARTMENT have a de facto policy, custom or practice of arresting persons based on racial profiling;

40.     Plaintiff alleges that Defendants CITY and/or DEPARTMENT have a de facto policy, custom or practice of inadequately investigating its Police Officer employees upon complaints of misconduct or Claims for Damages involving Police misconduct;

41.     Plaintiff alleges that Defendants CITY and/or DEPARTMENT have a de facto policy, custom or practice of failing to discipline, failing to investigate, and of retaining, personnel who falsely arrest persons in violation of Constitutional Rights; and

42.     Defendants CITY'S and/or DEPARTMENT'S policies or customs caused and were the moving force or affirmative link behind some or all of the violations of Plaintiff's

**8**

1   Constitutional Rights at issue in this case.

2       43.     Plaintiff is informed, believes and thereon alleges that these policies, practices,

3 customs and procedures are intentional or the result of deliberate acts and/or omissions on the part

4 of Defendants CITY and/or DEPARTMENT, by and through their decision makers.

5

6       44.     The foregoing unconstitutional customs and practices were a direct and legal cause

7 of harm to Plaintiff.

8       45.     Plaintiff specifically alleges that Defendants CITY'S and/or DEPARTMENT'S

9 policy, custom and/or practices, as described in paragraphs 3 through 44 herein, were within the

10 control of Defendants CITY and/or DEPARTMENT and within the feasibility of Defendants

11 CITY and/or DEPARTMENT, to alter, adjust and/or correct so as to prevent some or all of the

12 unlawful acts and injury complained of herein by Plaintiff.

13

**THIRD CLAIM FOR RELIEF**
14   **VIOLATION OF CIVIL RIGHTS 42 U.S.C. §1983 and §1985**
**(Conspiracy to Violate Civil Rights)**
15               **(Against All Defendants)**

16       46.     Plaintiff incorporates paragraphs 1 through 45 as though fully set forth herein.

17       47.     This cause of action arises under United States Code, Title 42, sections 1983 and

18
19 1985, wherein Plaintiff seeks to redress a deprivation under color of law of a right, privilege or

20 immunity secured to him by the Fourth, and Fourteenth Amendments to the United States

21 Constitution.

22       48.     DEFENDANTS, and each of them, in violation of United States Code, Title 42,

23 section 1985, did conspire and agree between themselves and with other person and persons,

24 whose names are presently unknown to Plaintiff, with the intent to deny to Plaintiff the Equal

25 Protection of the Laws because of his race or color, and to injure Plaintiff for lawfully attempting

26 to obtain his rights under the Constitution and laws of the United States to the equal protection of

27
28 the laws.

49.     In furtherance of the object of said conspiracy, one or more of said Defendants did so or cause to be done the acts set forth in paragraphs 46 through 48 herein above, and in violation of United States Code, Title 42, section 1985, did thereby injure Plaintiff in his person and deprive him of having and exercising his rights and privileges under the Constitution and laws of the United States as stated herein this Complaint.

## FOURTH CLAIM FOR RELIEF
### VIOLATION OF CIVIL RIGHTS 42 U.S.C. §1983- Municipal Supervisory Liability
### (Failure to Train, Supervise, Discipline)
### (Against CITY and DEPARTMENT)

50.     Plaintiff incorporates paragraphs 1 through 49 as though fully set forth herein.

51.     This cause of action arises under United States Code, Title 42, section 1983, wherein Plaintiff seeks to redress a deprivation under color of law of a right, privilege or immunity secured to him by the Fourth and Fourteenth Amendments to the United States Constitution.

52.     Defendants violated Plaintiff's Constitutional Rights, as alleged herein above, by creating and maintaining the following unconstitutional customs and practices, inter alia:

53.     Plaintiff is informed, believes and thereon alleges that Defendants CITY and/or DEPARTMENT, have ample reason to know, based upon Arrest Reports, Claims for Damages, inter alia, that DEPARTMENT'S officers and/or employees regularly engage in the misdeeds set forth in this Complaint;

54.     Plaintiff is informed, believes and thereon alleges that Defendants CITY and/or DEPARTMENT, have failed to properly train, supervise and/or discipline employees, officers, managers and supervisors within CITY and/or DEPARTMENT as to the legal requirements and protections applicable to persons as set forth in the United States and California Constitutions, and other laws.

55.     Plaintiff alleges that these failures amount to a de facto policy and are intentional

10

LAW OFFICE OF
JEFFREY D. FULTON

or the result of deliberate indifference on the part of Defendants CITY and/or DEPARTMENT, by and through their decision makers. These include, but are not limited to DOES 1 through 100, and their subordinates, as necessary to further these improper policies, practices, customs and procedures.

56.     The foregoing unconstitutional acts and/or omissions were a direct and legal cause of harm to Plaintiff.

57.     Plaintiff specifically alleges that Defendants CITY'S and/or DEPARTMENT'S acts and/or omissions, as described in paragraphs 50 through 56 herein, was within the control of Defendants CITY and/or DEPARTMENT and within the feasibility of Defendants CITY and/or DEPARTMENT, to alter, adjust and/or correct so as to prevent some or all of the unlawful acts and injury complained of herein by Plaintiff.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff JOHN ANDOH prays for the following relief from Defendants, as specified, for each of the above causes of action:

1.     For compensatory damages against all Defendants, including general and special damages, according to proof;

2.     For punitive damages against Defendant OFFICER RUSSELL LILES;

3.     For statutory damages against all Defendants, according to proof;

4.     For reasonable attorney's fees against all Defendants, pursuant to 42 U.S.C. §§ 1983 and 1988 and any other applicable provisions;

5.     For costs of suit against all Defendants;

6.     For all such further relief that is just and proper against all Defendants.

LAW OFFICE OF
JEFFREY D. FULTON

COMPLAINT FOR DAMAGES

1    Dated: August 2, 2010           LAW OFFICE OF JEFFREY D. FULTON

2

                                         By:_____

3                                            Jeffrey D. Fulton
                                           Attorney for Plaintiff

4                                            JOHN ANDOH

5

6

7                             **DEMAND FOR JURY TRIAL**

8        Plaintiff hereby demands trial by jury.

9

10   Dated: August 2, 2010           LAW OFFICE OF JEFFREY D. FULTON

11

                                           By:_____

12                                            Jeffrey D. Fulton
                                           Attorney for Plaintiff
                                           JOHN ANDOH

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

12